Nanette A. Colon, Esq.
of Counsel
ncolon@forthepeople.com
California Bar No. 214111
**MORGAN & MORGAN, P.A.**
6824 Griffin Road,
Davie, FL 33314
Telephone: (866) 344-9243 / Fax: (954) 333-3515

Attorneys for Plaintiffs and the Putative Class

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 2 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TIMOTHY HAYES, suing individually and on behalf of all other similarly situated persons,

                Plaintiff(s),

    vs.

ARS ENTERPRISES, a Corporation, and GLENN CASTER, individually.

                Defendant(s).

Case No.: **CV09 -3685 MRP (RZx)**

CLASS/COLLECTIVE ACTION

**COMPLAINT FOR:**

(1) **Failure to Pay Overtime in Violation of the Federal Law;**
(2) **Failure to Pay Overtime in Violation of California Law;**
(3) **Failure to Pay Wages for Meal and Rest Breaks in Violation of California *Labor Code* and California Wage Orders;**
(4) **Failure to Pay Compensation at Time of Termination and/or Resignation in Violation of California *Labor Code* §§201-203;**
(5) **Failure to Provide Accurate Wage Statements in Violation of California *Labor Code*; and**
(6) **Unfair Business Practices in Violation of California *Business and Professions Code* § 17200 *et seq*.**

**DEMAND FOR JURY TRIAL**

1

COMPLAINT

Plaintiff, TIMOTHY HAYES, ("Plaintiff"), was an employee of Defendants, ARS ENTERPRISES, INC. ("ARS" or "Defendant #1") and GLENN CASTER ("Defendant #2") (Collectively referred to as "Defendants) , and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and California Wage law on behalf of himself and others similarly situated.   Plaintiff was a non-exempt field technician and performed related activities for Defendant in, among others, Los Angeles County, California.  The other Plaintiffs that will join this lawsuit similarly performed non-exempt activities for Defendant throughout the State of California.

## GENERAL ALLEGATIONS

1.     Defendant, ARS, is a California corporation that operates and conducts business in, among others, Los Angeles County, California and is therefore, within the jurisdiction of this Court.

2.     Count One of this action is brought under the FLSA to recover from all Defendants overtime compensation, declaratory relief, liquidated damages and reasonable attorneys' fees and costs, and all other relief permitted by the FLSA. This action is intended to include each and every non-exempt laborer who worked for the Defendants at any time within the applicable statutes of limitation.

3.     The remaining Counts of this action are brought under California State law to recover from Defendant #1, ARS, overtime compensation, declaratory relief, state law penalties and damages, reasonable attorney's fees and costs, and all other relief permitted by the foregoing statutes.  This action is intended to include each and every non-exempt laborer who worked for the Defendants at any time within the applicable statutes of limitation.

## **VENUE AND JURISDICTION**

4.     At all times relevant, ARS, was and is a business corporation with its principal place of business located at 12900 Lakeland Road, Santa Fe Springs, California 90670.

5.     Plaintiff was at all relevant times alleged herein, a resident of Los Angeles County, and performed the work and services referenced herein in Los Angeles County, and suffered the damages complained of herein within the geographical jurisdiction of this Court.

6.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.   This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendant.

7.     At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s) and a covered employer under California Wage law.   Additionally, at all times relevant, Plaintiff was individually engaged in commerce or the production of goods for commerce for coverage purposes only.

8.     The named Defendants was at all times relevant hereto, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by each Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court  decisions rendered by the State of California.

3

9.    Defendants maintain offices, operates businesses, employs persons, conducts business in, and pays employees by illegal payroll practices and policies in the County of Los Angeles.

10.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to him, are in the possession and custody of Defendant.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.    This action is for unpaid overtime compensation under federal and state law, for, among other things, unpaid overtime, failure to provide reporting-time pay, failure to properly submit itemized wage statements, and failure to pay all compensation owed at the time of termination.

12.    Plaintiff seeks compensatory damages under federal and state law, liquidated damages, restitution, as well as other statutory and civil penalties owed to other plaintiffs who were employed by Defendants, under the FLSA, 29 U.S.C. § 216(b), California Labor Code § 201-203, 226, 226.7, 510, 512, 1194, and 2802(a), Industrial Welfare Commission ("IWC") Wage Order No. 4-2001, and California Business & Professions Code § 17200, et seq.

13.    Plaintiff was employed by Defendants as an individual who performed non-exempt technician duties on Defendants behalf.

14.    Defendants paid Plaintiff and others a salary based on forty (40) hours worked within the workweek.

15.    At all times relevant to this action, Defendants required Plaintiff to work substantially in excess of forty (40) hours per week without paying him full and proper overtime compensation as required by the FLSA, 29 U.S.C. § 207, and Labor Code §§. 510 and 1194.

16.    At all times relevant to this action, Defendant #1 required Plaintiff to work substantially in excess of eight (8) hours per day without paying him proper

overtime compensation as required by Labor Code § 510. In addition to violating Labor Code § 510, this constitutes an unlawful and unfair business practice under Business & Professions Code § 17200, et seq.

17.    At all times relevant to this action, Defendant #1 knowingly and intentionally failed to furnish to Plaintiffs proper itemized wage statements showing all of the information required by Labor Code § 226(a), including, but not limited to, the following: (1) the total hours actually worked by the individual; and (2) all true regular and overtime rates in effect during the pay period and the corresponding correct number of hours worked at the applicable rate per individual. Thus, Plaintiffs are entitled to recover the greater of all actual damages or the statutory penalties as set forth under Labor Code § 226(e). This policy and practice also constitutes an unlawful and unfair business practice under Business & Professions Code § 17200, et seq.

18.    Defendant #1's above actions were willful and intentional.    Thus, Plaintiff seeks to recover unpaid overtime compensation, including the applicable interest, restitution, statutory and civil penalties, reasonable attorneys fees, and litigation costs under the FLSA, 29 U.S.C. § 206,207,211(c),216(B), Labor Code §§ 201-203, 226,226.7, 510, 512 and 1194, IWC Wage Order No. 4-2001, and Business & Professions Code §§ 17200, et seq. Plaintiff also seeks liquidated damages and/or pre judgment interest. Furthermore, Plaintiff seeks all other related wages, restitution, attorneys fees, costs and statutory and civil penalties to the fullest extent allowable under Business & Professions Code §§ 17200, et seq.

19.    At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working conditions of Plaintiff and those similarly situated.

5

COMPLAINT

## COUNT 1

(For Failure to Pay Overtime in Violation of Federal Law)

(AS TO ALL DEFENDANTS)

[FLSA 29 USC § 207,211(c), 216(B)]

20.   Plaintiff re-alleges and incorporates by reference the allegations contained above in Paragraphs 1 through 19, as though restated here in full.

21.   Under the FLSA, 29 U.S.C. § 207, Defendants were obligated to compensate Plaintiff for all hours worked in excess of forty (40) hours in a workweek. Plaintiff is not subject to any applicable exemptions from the requirement to pay overtime under federal law.

22.   At all times relevant to this action, Plaintiff regularly worked in excess of forty (40) hours per week, but was not paid for such overtime work.

23.   By failing to pay overtime compensation due to Plaintiff, Defendants willingly, knowingly, and/or recklessly violated the provisions of the FLSA, which requires the payment of overtime compensation to nonexempt employees.

24.   As a result of Defendants' policy and practice of withholding overtime compensation, the Plaintiff has been damaged in that they have not received wages due to them under the FLSA.

25.   Defendants have made it difficult to account for the unpaid overtime wages earned by Plaintiff at all times relevant to this litigation because they did not make, keep, and preserve the full and actual hours worked by Plaintiff, as required for nonexempt employees under 29 U.S.C. § 211(c).

26.   Defendants' failure to retain accurate records of hours actually worked by Plaintiff was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

27.   As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts not yet fully ascertained, but to be

6

determined at: trial, and are entitled to recovery of such amounts, liquidated damages, and/or pre- judgment interest, attorney& fees and costs, other compensation allowable under 29 U.S.C. § 2l6(b) of the FLSA.

## COUNT 2

(For Failure to Pay Overtime in Violation of State Law)

(ONLY AS DEFENDANT #1)

[California Labor Code § 510, 1194

I.W.C. Wage Order No. 4-2001]

28.    Plaintiff re-alleges and incorporates by reference the allegations contained above in Paragraphs 1 through 27, as though restated here in full.

29.    Plaintiff was employed during his tenure as a non-exempt field technician.

30.    Plaintiff regularly worked more than eight (8) hours per day and/or forty (40) hours per week, but did not receive full and proper overtime wages for these hours.

31.    California Labor Code § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that eight (8) hours of labor constitutes a day's work and any work in excess of eight (8) hours in one (1) workday shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

32.    California Labor Code § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

COMPLAINT

33.     California Labor Code § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of twelve (12) hours in any one workday shall be compensated at the rate of no less than twice the regular rate of pay for each employee.

34.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

35.     Defendant #1 has made it difficult to account for the unpaid overtime wages earned by Plaintiff's at all times relevant to this litigation because it did not make, keep, and preserve the actual hours worked by Plaintiff as required for nonexempt employees under Labor Code § 1174(d) and IWC Wage Order No. 4-2001.

36.     Defendant #1's failure to retain accurate and correct records of hours actually worked by Plaintiffs was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

37.     As a result of the unlawful acts of Defendant #1, Plaintiff has been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and is entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

COMPLAINT

## **COUNT 3**

(Failure to Pay Wages for Meal and Rest Breaks in Violation of California Law)

(ONLY AS TO DEFENDANT #1)

[California Labor Code § § 226.7 and 512,

I.W.C. Wage Order No. 4-2001]

38.    Plaintiff re-alleges and incorporates by reference the allegations contained above in Paragraphs 1 through 37, as though restated here in full.

39.    Labor Code § 512 and IWC Wage Order 4-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order 4-2001 states that unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. Labor Code § 226.7(a) further states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

40.    Plaintiff was not provided with the requisite meal periods within the first 5 hours of work, nor was he provided with a proper second meal period during the days he worked more than 10 hours in a day. Plaintiff was also required to work and/or were not relieved of all duties during any meal period taken, and thus were considered "on duty;" however, Defendant #1 failed to count as time worked any "on duty" meal period taken by Plaintiff.

41.    Pursuant to Labor Code § 226.7(b) and IWC Wage Order 4-2001, if an employer fails to provide an employee a meal period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employees regular rate of compensation for

9

each workday that the meal period is not provided. As such, Plaintiff is entitled to an additional one hour's pay for each day in which he was not provided a proper meal break under the above- described authorities.

42.     IWC Wage Order 4-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours of work.

43.     Plaintiff was not permitted to take rest breaks at the rate of ten minutes per every four hours of work and/or Plaintiff was required to work during any rest periods in contravention of the statutory authorities described herein.

44.     Pursuant to Labor Code § 226.7(b) and IWC Wage Order 4-2001 if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

45.     As such, Plaintiff are entitled to an additional one hour's pay for each day in which Plaintiff were not provided a proper rest period under the above-described authorities.

46.     As a result of the unlawful acts of the Defendant #1, Plaintiff has been deprived of compensation in amounts not yet fully ascertained, but to be determined at trial, and is entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

COMPLAINT

## COUNT 4

(For Failure to Pay Compensation at Time of Termination and/or Resignation)

(ONLY AS TO DEFENDANT #1)

[Violation of California Labor Code §§ 201-203]

47.   Plaintiff re-alleges and incorporates by reference the allegations contained above in Paragraphs 1 through 46, as though restated here in full.

48.   California Labor Code §201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge.   California Labor Code §202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation.   California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California Labor Code §201 and §202 respectively, said employer is liable to said employee for waiting time penalties as described therein.

49.   Defendant #1 has willfully failed and refused, and continue to fail and refuse, to timely pay compensation and wages to Plaintiff, including unpaid overtime pay, as required by Labor Code §§ 201-202.

50.   Defendant #1's failure to timely pay overtime compensation and wages to Plaintiff at the time of termination of employment is willful.   Defendant #1 has willfully failed and refused and continue to willfully fail to pay compensation owed (including unpaid overtime, and premium pay) in a prompt manner to Plaintiff whose employment terminated as is required under California Labor Code §§201-203.   As a result, Defendant #1 is liable to Plaintiff and members of the Putative Class for waiting time penalties under California Labor Code §203 in an amount to be ascertained at trial, together with prejudgment interest.

COMPLAINT

## **COUNT 5**

(Failure to Provide Accurate Wage Statements)

(ONLY AS TO DEFENDANT #1)

[California Labor Code § 226(a)]

51.    Plaintiff re-alleges and incorporates by reference the allegations contained above in Paragraphs 1 through 50, as though restated here in full.

52.    Labor Code § 226 requires employers to provide its employees an accurate written itemized statement showing, among other things, gross wages earned, the total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

53.    Defendant #1 failed to properly maintain adequate itemized statements of Plaintiff's work and labor as required by law. Plaintiff is informed and believes that said failure was knowing and intentional by Defendant #1 as Defendant #1 sought to deprive Plaintiff of his legitimate right to unpaid wages, and otherwise deprive Plaintiff of overtime compensation.

54.    As a result of Defendant #1's intentional and knowing failure to maintain adequate itemized statements, Plaintiff could not ascertain the actual amount of compensation he earned and/or was entitled to, and thereby suffered damages in the form of the accrual of unpaid wages, overtime, and interest.

55.    Pursuant to California Labor Code § 226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

12

COMPLAINT

56.     Pursuant to California Labor Code § 226(g), an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. As such, Plaintiff is entitled to penalties recoverable from Defendant #1 as described herein, as well as reasonable costs and attorney's fees.

## SIXTH CAUSE OF ACTION

(For Unfair Business Practices)

(ONLY AS DEFENDANT #1)

[Violation of California *Business and Professions Code* §17200 *et seq.*]

(CALIFORNIA CLASS)

57.     Plaintiff re-alleges and incorporates by reference the allegations contained above in Paragraphs 1 through 56, as though restated here in full.

58.     Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.

59.     The above-referenced actions by the Defendant #1, including, but not limited to, the failure to pay the Plaintiff overtime compensation for wages for meal and rest breaks, or for business expenses incurred constitute unlawful conduct and violations of law.    These actions also constitute unfair business practices.  As such, Defendant #1's conduct amounts to unfair business practices in violation of Business and Professions Code § 17200, et seq.

60.     Plaintiff is informed and believes that Defendant #1 continues its unlawful and unfair conduct as described herein.  As a result of this conduct, Defendant #1's has unlawfully and unfairly obtained monies due to Plaintiff.

61.     All impacted individuals can be identified by reference to records in the Defendant #1's custody, control and possession.

13

62.     Plaintiff is entitled to restitution of all monies due to him, as well as disgorgement of the ill-gotten gains obtained by the Defendant #1 as a result of their unlawful and unfair conduct during the Class Period.

63.     Plaintiff is entitled to attorneys' fees and costs for promoting the interest of the members of the general public in causing the Defendant #1 to cease its unfair business practices, according to proof.

## **PRAYER**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants and that he be provided with the following relief:

**As to all Defendants:**

1.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

2.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

3.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

4.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

5.     Awarding Plaintiff pre-judgment interest; and

6.     Ordering any other further relief the Court deems just and proper.

**As to Defendant #1**

1.     An award to Plaintiff of damages in the amount of unpaid overtime compensation and wages under California law, including all applicable interest subject to proof at trial;

14

COMPLAINT

2.   An award to Plaintiff of the greater of all actual damages or the statutory penalties provided in *Labor Code* § 226(e) subject to proof at the time of trial;

3.   An award to Plaintiff of reasonable attorneys' fees and legal costs under 29 U.S.C. § 216(b), *Labor* Code §§ 226(e), 1194, Cal. *Civil Code* § 1021.5, and/or any other applicable law;

4.   An award to Plaintiff of all civil penalties authorized under *Labor* Code §§ 203, 226, 226.7;

5.   Declaratory relief

6.   An award to Plaintiff of pre and post judgment interest; and;

7.   An award of such other and further relief as this Court may deem just and appropriate.

15

COMPLAINT

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable of right by jury.

DATED: April 21 , 2009

MORGAN & MORGAN

By: _____
        Nanette A. Colon, Esq.
        Of Counsel
        California Bar No. 214111
        Attorney for Plaintiffs

16

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 3685 MRP (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TIMOTHY HAYES, suing individually and on
behalf of all others similarity situated
persons,

PLAINTIFF(S)

v.

ARS ENTERPRISES, a Corporation and
GLENN CASTER, an individually

DEFENDANT(S).

CASE NUMBER

**CV09 -3685 MRP (RZx)**

**SUMMONS**

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Nanette Colon_____, whose address is 6824 Griffin Road, Davie, FL 33314, (877) 435-9243 (Telephone)____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **MAY 2 2 2009**

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                           SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TIMOTHY HAYES, suing individually and on behalf of all other similarly situated persons | ARS ENTERPRISES, a Corporation and GLENN CASTER, an individual |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Nanette A. Colon, Esq., Morgan & Morgan<br>6824 Griffin Road<br>Davie, FL 33314, (866) 344-9243 / Fax: (954) 333-3515 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV09 -3685 MRP (RZx)**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

Page 1 of 2

CV-71 (05/08)                                    CIVIL COVER SHEET

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Manette A. Cohen     Date 5/22/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Page 2 of 2

CV-71 (05/08)                                   CIVIL COVER SHEET